UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 MAY 2 P 5: 14

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

MEMORANDUM

TO:  Mr. Victor Kirkland, #183327 JCI
     Maryland House of Corrections
     P.O. Box 534
     Jessup, MD 20794

     Carrie J. Williams, Acting Chief, Criminal Appeals Division
     State of Maryland Office of the Attorney General
     200 St. Paul Place
     Baltimore, MD 21202

FROM: Judge Peter J. Messitte

RE:   Kirkland v. Corcoran
      Civ. No. PJM 97-0708

DATE: May 2, 2016

* * *

The Court has received a letter from Mr. Kirkland dated October 10, 2015, ECF No. 25, that requests the appointment of counsel to assist him in filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. A copy of the letter is being forwarded to the Clerk of the Court and to Carrie J. Williams, Acting Chief of the Criminal Appeals Division, State of Maryland Office of the Attorney General.

Mr. Kirkland's letter states that he intends to raise a claim for ineffective assistance of counsel based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). Mr. Kirkland previously filed a § 2254 petition, which the Court denied on the merits in a February 6, 1998 Memorandum Opinion and Order that adopted the Magistrate Judge's Report and Recommendation. The Fourth Circuit denied Mr. Kirkland a certificate of appealability with respect to this decision by order dated February 10, 1999.

There is no Sixth Amendment right to counsel to pursue a petition for collateral relief. *See Pennsylvania v. Finely*, 481 U.S. 551, 555 (1987). A court may provide counsel for an indigent inmate pursuing a petition for habeas corpus when "the court determines that the interests of justice so require. . . ." 18 U.S.C. § 3006A(a)(2); *see* 28 U.S.C. § 2254(h).

Second or successive § 2254 claims must be dismissed by the district court where the petitioner has not obtained pre-filing authorization from the United States Court of Appeals, unless the claims fall under certain narrow exceptions. 28 U.S.C. § 2244(b). One such exception is that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). The cases cited by Mr. Kirkland, *Martinez* and *Trevino*, did not establish a new retroactive rule of constitutional law that would permit a second or successive petition. *Penley v. Thornton*, No. 14-CV-12-FDW, 2014 WL 461159, at *2 (W.D.N.C. Feb. 5, 2014) ("[L]ike *Martinez*, *Trevino* is not a new rule of constitutional law made retroactive to cases on collateral review . . . ." (citing *Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013))), *appeal dismissed*, 573 F. App'x 263 (4th Cir. 2014); *see also Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012) ("*Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law.").

At this early stage of review, Mr. Kirkland has shown he is able to articulate his claims—should he desire to proceed with filing another § 2254 petition and should he obtain leave from the Fourth Circuit to do so.

Accordingly, the Motion to Appoint Counsel will be **DENIED**.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc:   Court File